IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS SCHLENKER, Individually and on Behalf of All Others Similarly Situated** | : : : : | **CIVIL ACTION** |
| Plaintiffs, | : : | NO. 2:09 - CV - 04297 - JD |
| v. | : : | |
| **IMMUCOR, INC., EDWARD L. GALLUP, GIOACCHINO DeCHIRICO, RICHARD A. FLYNT, PATRICK D. WADDY, RALPH A. EATZ, ROSWELL S. BOWERS, JOHN A. HARRIS, JOSEPH E. ROSEN, MICHAEL S. GOLDMAN, and JACK GOLDSTEIN,** | : : : : : : : : | |
| Defendants. | : : | |

**DuBOIS, J.**                                                                                         **December 22, 2009**

## M E M O R A N D U M

       This is a securities fraud case in which a putative class of plaintiffs alleges that defendants violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Presently before the Court is Defendants' Motion to Transfer Action to the United States District Court for the Northern District of Georgia Pursuant to 28 U.S.C. § 1404(a) and prospective lead plaintiff Amalgamated Bank's response to the motion. Significantly, plaintiff Thomas Schlenker did not file a response to the motion and Amalgamated Bank does not object to the requested transfer. For the reasons set forth below, defendants' motion is granted and the case is transferred to the United States District Court for the Northern District of Georgia.

**I. FACTS**[1]

Plaintiff Thomas Schlenker filed a Complaint on behalf of himself and all others similarly situated on September 21, 2009. The Complaint alleges that defendants – Immucor, Inc. and several of its executives – violated sections 10(b) and 20(a) of the 1934 Securities Exchange Act by failing to disclose allegedly unlawful business practices that included, among other things, price-fixing in the blood reagents industry. (Compl. ¶¶ 7, 70-84). Schlenker alleges that disclosure of these business practices after Immucor received a grand jury subpoena from the United States Department of Justice resulted in a $5.63 per-share drop in the sales price of its publicly-traded shares – a decline of almost 27%. (Compl. ¶ 6). He seeks, among other things, compensatory damages in favor of himself and any others damaged as a result of defendants' failure to disclose adverse material facts related to the alleged price-fixing.

The City of Pontiac General Employees' Retirement System filed a putative class action Complaint almost one month before Schlenker, on August 27, 2009, in the Northern District of Georgia. See City of Pontiac Gen. Employees' Retirement Sys. v. Immucor, Inc., No. 1:09-CV-2351-TWT (N.D. Ga.). The City of Pontiac's Complaint was followed, on October 1, 2009, by the filing of a class action Complaint by Larry MacIntyre. See MacIntyre v. Immucor, Inc., No. 1:09-CV-2714-TWT (N.D. Ga.). MacIntyre voluntarily dismissed that case without prejudice on October

---

[1] In considering a motion to transfer venue, a court must accept as true the allegations in the Complaint. Andrade v. Chase Home Fin., LLC, No. 04 C 8229, 2005 WL 3436400, at *2 (N.D. Ill. Dec. 12, 2005) ("When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant."); Fellner v. Philadelphia Toboggan Coasters, Inc., No. 05-2052, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005) ("In considering a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the court must generally accept as true the allegations in the complaint.").

26, 2009. Both Complaints recite facts nearly identical to those in Schlenker's Complaint.

Motions to appoint a lead plaintiff and to approve selection of lead counsel are currently pending before both this Court and the Northern District of Georgia.

## II. LEGAL STANDARD

The question before the Court is whether this case should be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) permits transfer on venue grounds, and states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Once a court determines that venue would be proper in another district, the court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The party moving to transfer venue bears the burden of establishing the need for the transfer. Id.; Miller v. Consol. Rail Corp., 196 F.R.D. 22, 24 (E.D. Pa. 2000).

The Third Circuit has set out a number of public and private interests to be considered when weighing a transfer pursuant to § 1404(a). Jumara, 55 F.3d at 879. "Private interests" include plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records. Id. at 879. "Public interests" include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public

policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

**III. DISCUSSION**

Section 1404(a) requires the Court to answer two questions: (1) Could the case have been brought in the Northern District of Georgia? (2) Is a transfer in the interest of justice?

**A. Proper Venue**

With respect to the first question – whether this case have been brought in the Northern District of Georgia – a securities class action may be brought "in any such district [wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa (2000).

The Court concludes that the Northern District of Georgia is a district where this action might have been brought. Many of the alleged acts and transactions pleaded in the Complaint occurred in that district, many of the defendants are located in that district, and the defendants transact business in that district. (Compl. ¶14, 26-47.); (Aff. of Kendall H. Lioon.)[2] Moreover, because this is a case alleging violations of the 1934 Securities Exchange Act – a law that allows for nation-wide service of process – the Northern District of Georgia has personal jurisdiction over all of the defendants. SEC v. Carillo, 115 F.3d 1540, 1544 (11th Cir. 1997) (holding that "the applicable forum for minimum contacts purposes is the United States in cases where . . . the court's personal jurisdiction is invoked based on a federal statute authorizing nationwide or worldwide service of process."). In

---

[2] In considering a motion to transfer, a court may examine affidavits submitted by the parties and facts outside of the Complaint, although the court must draw all reasonable inferences in favor of the party opposing the transfer. See Fellner v. Philadelphia Toboggan Coasters, Inc., No. 05-2052, 2005 WL 2660351, at *1(E.D. Pa. Oct. 18, 2005); Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005).

addition, the only plaintiff which responded to the transfer motion does not dispute that the Northern District of Georgia has the requisite jurisdiction and is a proper venue to adjudicate this case. See (Amalgamated's Resp. to Defs.' Mot. to Transfer Action 2) (noting that "similar motions to transfer venue pursuant to 28 U.S.C. 1404(a) have resulted in transfer to the district where the acts giving rise to the alleged securities violations occurred and the defendant issuer is headquartered").

### B. Jumara Factors

The Court must now address the second question: whether a transfer is in the interests of justice. After weighing the Jumara factors, the Court concludes that justice is best served by transferring this case to the Northern District of Georgia.

#### 1. Private Factors

"The private-factors analysis concentrates on the interests of the litigants and their witnesses to hold the trial in the forum more convenient for all of the involved parties." In re Amkor Tech., Inc. Sec. Litig., No. 06-298, 2006 WL 3857488, at *2 (E.D. Pa. Dec. 28, 2006). For the reasons explained in greater detail below, the Court concludes that the Northern District of Georgia is the most convenient forum.

##### a. Factors Favoring Plaintiff

There is a strong presumption in favor of the forum chosen by plaintiff. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1226 n.4 (3d Cir. 1995). However, a court is vested with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara, 55 F.3d at 883. In this case, it is significant that Schlenker has not filed any opposition to the motion to transfer.

Courts exercising their broad discretion have often given less deference to plaintiff's choice of forum in securities cases than in other cases. For instance, in In re Amkor Technology the court, after noting a split among courts over how much deference should be given to plaintiff's choice of forum in securities cases, ruled that plaintiffs' choice was entitled to less deference because (1) none of the lead plaintiffs in that case were from the chosen forum and (2) it was alleged that there were a large number of unknown plaintiffs who might have been located nation-wide. 2006 WL 3857488, No. 06-298, at * 4 (E.D. Pa. Dec. 28, 2006).

In this case, Schlenker's Complaint is silent with regard to his residence. Moreover, Schlenker is but one member of a potentially large class of individuals who could each have filed complaints in their home districts. When this situation occurs, "the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." Koster v. Am. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947). See also Simmens v. Coca Cola Co., No. 07-668, 2007 WL 2007977, at *3 (E.D. Pa. July 5, 2007) (holding that plaintiffs' choice of forum did not weigh against transfer because plaintiffs' purported class was largely co-extensive with a class named in the proposed transferee court).

Given the nation-wide scope of this putative class action, and Schlenker's failure to object to the transfer, Schlenker's choice of forum is entitled to little or no deference.

### b. Factors Favoring Defendants

Each of the remaining Jumara private factors favor the defendants.

First, defendants' preferred forum is the Northern District of Georgia. (Defs.' Mem. of Law in Support of Mot. to Transfer Action 18.)

Second, the claims in the Complaint arose in the Northern District of Georgia. It is "well

established that in securities cases misrepresentations and omissions are deemed to occur in the district from which they are transmitted or withheld, not where they are received." In re Amkor Tech., No. 06-298, 2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006) (internal quotation marks deleted). The claims in the Complaint arise from the defendants' failure to disclose business practices that allegedly violated antitrust laws, a practice that allegedly led to false and misleading financial statements and artificially inflated revenues. (Compl. ¶ 7.) The Complaint also alleges that Immucor "lacked adequate internal and financial controls." (Compl. ¶ 7.) This alleged conduct occurred at the defendants' offices located in Norcross, Georgia in the Northern District of Georgia. (Compl. ¶ 14); (Aff. of Kendall H. Lion.)

Third, many of the books, records and witnesses are located in the Northern District of Georgia. Although in Jumara, the Third Circuit stated that the convenience of witnesses and the location of books and records should only be weighed where they would be unavailable in the other venue, 55 F.3d at 879, these factors have been given broader scope in more recent decisions. For instance, in In re Amkor Technology, the court found that these factors weighed in favor of defendants because personnel and records were located in the defendants' home forum. No. 06-298, 2006 WL 3857488, at * 6 (E.D. Pa. Dec. 28, 2006). Immucor's books, records and many of its key employees are located in the Northern District of Georgia. (Aff. of Kendall H. Lion.) The Court thus concludes that, as in In re Amkor Technology, these factors weigh in favor of defendants.

Finally, the Northern District of Georgia is the most convenient forum. While the Eastern District of Pennsylvania is quite possibly the most convenient forum for Schlenker, it is not the most convenient forum for many members of the nation-wide class of which he is only one member. See In re Amkor Tech., No. 06-298, 2006 WL 3857488, at * 5 (E.D. Pa. Dec. 28, 2006) (noting that

plaintiffs in securities class action against public-traded company could reside anywhere in the country). Defendants, on the other hand, are located primarily in the Northern District of Georgia, as are many witnesses. Logistically, the Northern District of Georgia is the most sensible and convenient forum for this litigation.

### 2. Public Factors

"Consideration of public factors under Jumara requires the [C]ourt to evaluate each forum and determine where the litigation can proceed in the most efficient and inexpensive fashion." In re Amkor Tech., No. 06-298, 2006 WL 3857488, at *6 (E.D. Pa. Dec. 28, 2006). As there is already a pending, substantially similar, action in the Northern District of Georgia, which was filed first, concerns of efficiency and expense weigh heavily in favor of transferring this case to that forum.

#### a. Related Case Pending in Georgia

Each of the candidates for lead plaintiff in this case has noted that Schlenker's Complaint is substantially similar to the City of Pontiac Complaint filed in the Northern District of Georgia. See (Bernard P. Wiest Mem. of Law 2 n.1) (Document No. 3, filed Oct. 26, 2009); (National Roofing Industry Pension Plan Mem. of Law 1 n. 1) (Document No. 4, filed Oct. 26, 2009); (Amalgamated Bank Mem. of Law 1 n. 1) (Document No. 5, filed Oct. 26, 2009); (Colleges of Applied Arts and Technology Mem. of Law 1 n.1) (Document No. 6, filed Oct. 26, 2009).

The presence of a related case in the transferee forum is a strong factor favoring transfer. See, e.g., Schiller-Pfeiffer, Inc. v. County Home Prods., Inc., No. 04-CV-1444, 2004 WL 2755585, at *8 (E.D. Pa. Dec. 1, 2004) (holding that the presence of a related case in the transferee forum is a "strong reason" to grant a change of venue); Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001) ("[C]ourts have found that the presence of related cases in the transferee forum

is a reason to grant a transfer."). "In fact, courts in this District have concluded that this factor alone is sufficient to warrant a transfer." Schiller-Pfeiffer, No. 04-CV-1444, 2004 WL 2755585, at *13 (E.D. Pa. Dec. 1, 2004); see also Blanning v. Tisch, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974) (concluding that the presence of related cases tips the balance in favor of transfer even where the convenience of the parties points against it).

The Supreme Court has stated that "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in two different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Continental Grain Co. v. The Barge FBL-585, 364 U.S. 19, 26 (1960). Allowing two separate actions on behalf of the same class might lead to inconsistent results, even if the witnesses and documentary evidence were identical. Ayling v. Travelers Prop. Cas. Corp., No. 99-3243, 1999 WL 994403, at *4 (E.D. Pa. Oct. 28, 1999).

Moreover, transferring this action will benefit all parties because

> the . . . actions could be consolidated before one judge thereby promoting judicial efficiency, pretrial discovery could be conducted in an orderly manner, witnesses could be saved the time and expense of appearing at trial in more than one court, duplicative litigation involving the filing of records in both courts could be avoided eliminating unnecessary expense, and the possibility of inconsistent results could be avoided.

Pall Corp. v. Bentley Lab, Inc., 523 F. Supp. 450, 453 (D. Del. 1981). Thus, the Court concludes that the pendency of a related case in the Northern District of Georgia weighs strongly in favor of transferring this case.

### b. Remaining Jumara Public Factors

The remaining public factors are neutral. A judgment in either this Court or the Northern District of Georgia is equally enforceable. Similarly, both courts are intimately familiar with federal

securities laws and both courts have an interest in ensuring their compliance. There are no state law claims that might render one forum more appropriate than the other. The nation-wide scope of this action renders any analysis of local interests or controversies nugatory.

## IV. CONCLUSION

Only plaintiff's choice of forum weighs in favor of keeping the case in this district. This choice is entitled to little or no deference because of the nature of the case – a nation-wide securities class action – and plaintiff's failure to respond to the motion to transfer. Several of the public Jumara factors, such as the enforceability of a judgment, familiarity with the substantive law, and the forums' respective interest in the litigation – are neutral. The remaining Jumara factors weigh in favor of defendants, specifically the defendants' choice of forum, the location where the claims arose, the convenience of the witnesses, the location of the books and records, and the presence of a substantially identical case pending in the Northern District of Georgia, which was filed first.

After considering the private and public factors, the Court concludes that a transfer of venue is in the interest of justice. For all of the foregoing reasons, defendants' motion to transfer is granted. An appropriate order follows.